# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| MICHAEL WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-01612-SGC |
| HMD, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION[1]

The plaintiff, Michael White, initiated this matter by filing a *pro se* pleading styled as a motion for preliminary injunction. (Doc. 1).[2] The defendant, HMD, LLC, has moved to dismiss. (Doc. 4). Also pending is the plaintiff's motion styled as seeking a temporary restraining order. (Doc. 10). As explained below, HMD's motion will be granted, the plaintiff's motion will be denied, and the claims presented in this matter will be dismissed for lack of jurisdiction.

**I.   BACKGROUND**

The plaintiff is a commercial truck driver who worked as a long-haul trucker for HMD. (*See* Doc. 1 at 1-2). On or about October 25, 2022, HMD terminated the

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 7).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __.

plaintiff. (*Id.*). HMD's stated reason for termination was the plaintiff's "intemperate and harassing" communications. (*Id.* at 2). However, the plaintiff alleges HMD actually terminated him in retaliation for his refusal to violate regulations regarding the maximum number of hours worked in a day. (*Id.* at 1-2). After termination, the plaintiff discovered he was on a "blacklist," preventing him from getting a job with a different company. (*Id.* at 2). The plaintiff contends this blacklisting constitutes HMD's ongoing retaliation. (*Id.*).

The complaint invokes the Surface Transportation Assistance Act ("STAA"); it also acknowledges that this case concerns a claim pending with an Administrative Law Judge. (Doc. 1 at 1). The plaintiff states he is seeking a preliminary injunction here, but the only relief sought is payment of the equivalents of Indiana's unemployment compensation ($390 per week) and the cost to reinstate cancelled auto insurance ($130). (*Id.* at 3). The Clerk of Court entered the plaintiff's initial pleading, which is styled as seeking injunctive relief, as a complaint and motion for preliminary injunction. (Doc. 1).

HMD filed its motion to dismiss on January 30, 2023. (Doc. 4). The court set a briefing schedule requiring the plaintiff to file any response within fourteen days. (Doc. 6). On February 10, 2013, the plaintiff sent an email to chambers, the subject of which was "Opposition to Motion to Dismiss." In response to this and other emails from the plaintiff, the court entered an order on February 13, 2023,

noting the email response was insufficient and would not be considered. (Doc. 11). The order required the plaintiff to file any opposition on the record as soon as practicable. (*Id.* at 2). Despite the plaintiff's demonstrated ability to file materials on the record (*see* Doc. 10), he has not filed a response to HMD's motion to dismiss during the more than two weeks that followed the court's order.

Also pending is the plaintiff's motion styled as seeking a temporary restraining order. (Doc. 10). In that motion, the plaintiff specifies that he seeks relief under the anti-retaliation provision of the STAA. (*Id.* at 1) (citing 49 U.S.C. § 31105). The motion generally asserts HMD has continued to retaliate against him. (*Id.* at 2). As with the complaint, the motion seeks relief in an amount equal to unemployment compensation. (*Id.* at 3). HMD has responded in opposition to the motion. (Doc. 13).

## II.  STANDARD OF REVIEW

HMD's motion to dismiss asserts lack of subject matter jurisdiction, failure to state a claim, inadequate service, and lack of personal jurisdiction. (Doc. 5). Because the court agrees that federal subject matter jurisdiction is absent, the remainder of HMD's arguments are not discussed. There are two types of challenges to a district court's subject matter jurisdiction under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*: facial attacks and factual attacks. A facial attack challenges the sufficiency of the allegations regarding subject matter jurisdiction;

the allegations in the plaintiff's complaint are taken as true for the purposes of a facial attack. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). Meanwhile, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotation marks and citation omitted).

"On a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997). When the facts related to jurisdiction do not implicate the merits of the plaintiff's legal claim, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Lawrence*, 919 F.2d at 1529). But when the facts related to jurisdiction do implicate the merits, the district court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.*

Here, to the extent HMD presents factual attacks to this court's subject matter jurisdiction, its arguments do not implicate the merits of the plaintiff's claims. Indeed, the determinative factual issues concern the timing of the plaintiff's administrative claim and whether he has exhausted the administrative process.

Accordingly, the court is free to consider and weigh the evidence, including extrinsic evidence, in deciding the motion under Rule 12(b)(1). *Lawrence*, 919 F.2d at 1529; *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). The plaintiff bears the burden of establishing the existence of federal subject matter jurisdiction in the face of HMD's factual challenge. *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002).

### III. DISCUSSION

The STAA prohibits the discharge of an employee who "refuses to operate a vehicle because . . . the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security . . . ." 49 U.S.C. § 31105(a)(1)(B)(i). Employees who believe they were discharged in violation of this anti-retaliation provision can file an administrative claim with the Secretary of Labor. 49 U.S.C. § 31105(b); *see Yusim v. Dept. of Lab.*, 645 F. App'x 967, 968 (11th Cir. 2016). If the Secretary of Labor does not issue a final decision within 210 days after the claim is filed, the employee can seek a federal district court's *de novo* review. 49 U.S.C. § 31105(c); *Jackson v. Doubleback Transp.*, No. 17-0386, 2019 WL 2396571, at *4 (S.D. Ala. June 5, 2019) (district courts have subject matter jurisdiction over STAA anti-retaliation claims only where the Secretary fails to issue an opinion within 210 days). Otherwise, the only judicial

review available is via an appeal of the Secretary's final decision in the appropriate appellate court. 49 U.S.C. § 31105(d).

The foregoing administrative requirements in the STAA are mandatory; absent exhaustion of these administrative remedies, federal courts lack subject matter jurisdiction to hear cases under the anti-retaliation provision. *E.g. Johnson v. Star Freight, LLC*, No. 18-575, 2018 WL 4520212, at *4 (N.D. Ga. Apr. 26, 2018), *report and recommendation adopted,* 2018 WL 2931963. Here, this court lacks jurisdiction to hear the plaintiff's claims for two independently sufficient reasons: (1) he has not exhausted his administrative remedies;[3] and (2) any request for *de novo* review is premature.

First, even constraining the analysis to the facts alleged in the complaint, it is facially apparent the plaintiff's administrative remedy process is ongoing and that any request for *de novo* review is premature. Regarding failure to exhaust administrative remedies, the first sentence of the complaint specifies that it concerns a "case pending before Office of Administrative Law Judge pursuant to Surface Transportation Act." (Doc. 1 at 1). Likewise, the complaint bears the case number assigned to the plaintiff's administrative claim. (*Id.*) (citing "HMC/White/301008018" in both the caption and body). Regarding timeliness,

---

[3] Even if the plaintiff had exhausted his administrative remedies, the only forum for judicial review of a final administrative decision lies in the appropriate federal appellate court. 49 U.S.C § 31105(d).

simple chronology shows any request for *de novo* review is premature. The complaint alleges HMC fired the plaintiff on or after October 25, 2022. The plaintiff filed the instant complaint sixty-four days later, on December 27, 2022, meaning even if the plaintiff had filed his administrative claim on October 25, 2022, far fewer than 210 days passed before he filed the instant complaint. Accordingly, to the extent the complaint could be construed as seeking *de novo* review, it is premature under the timelines prescribed by § 31105(c). For the foregoing reasons, the face of the complaint shows this court lacks jurisdiction.

Of course, this court is not limited to the facts alleged in the complaint under Rule 12(b)(1). *Garcia*, 104 F.3d at 1261. Review of the relevant administrative records, attached as exhibits to the motion to dismiss, confirms the facially apparent deficiencies in the complaint. First, the plaintiff filed his initial administrative claim in Gary, Indiana, on November 15, 2022. (Doc. 4-2 at 2, 5). At the initial level, the Secretary of Labor denied the claim on December 2, 2022. (*Id.* at 2). The plaintiff appealed the Secretary's decision to an administrative law judge on December 6, 2022. (Doc. 4-3). These records confirm what the court has inferred from the complaint: (1) the plaintiff has not exhausted his administrative remedies; and (2) any request for *de novo* review is premature. Accordingly, the court lacks

Case 4:22-cv-01612-SGC Document 14 Filed 03/01/23 Page 8 of 8

jurisdiction to consider the plaintiff's claims.[4] Additionally, while courts construe *pro se* complaints more liberally than they do pleadings drafted by attorneys, the court has scrutinized the plaintiff's pleadings and cannot discern any other claim giving rise to federal subject matter jurisdiction.

## IV. CONCLUSION

For all the foregoing reasons, the court lacks jurisdiction to consider the plaintiff's claims. HMD's motion to dismiss will be granted on that basis. (Doc. 4). The plaintiff's motion, styled as seeking a temporary restraining order, will be denied for the same reasons.[5] (Doc. 10).

A separate order will be entered.

**DONE** this 1st day of March, 2023.

*Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[4] Because the plaintiff's motion seeking a temporary restraining order merely duplicates the relief sought in the compliant, the same analysis applies to that motion, and it is due to be denied.

[5] The plaintiff's pending motion seeking a temporary restraining order asserts defense counsel has "e-published to court Pacer system a false and nonredacted personal home address." (Doc. 10 at 2). It's hard to know what to make of this allegation. The certificates of service attached to the motion to dismiss and the supporting brief show service via mail to the address the plaintiff provided the court. (*Compare* Doc. 4 at 3, Doc. 5 at 17 *with* Doc. 1 at 3, Doc. 2 at 1). That address is publicly available on the court's CM/ECF website. One of the exhibits to HMD's motion to dismiss includes a home address the plaintiff provided to the Secretary of Labor in conjunction with his administrative claim. (Doc. 4-2 at 3). To the extent the inclusion of this address is the subject of the plaintiff's ire, HMD has offered to withdraw this filing and substitute it with a redacted exhibit. (Doc. 13 at 1, n.1). The plaintiff has not responded to this offer. In any event, the inclusion of the plaintiff's address does not violate the *Federal Rules of Civil Procedure* or the court's Local Rules. *See* FED. R. CIV. P. 5.2.
